[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #111
On October 7, 1996, the plaintiffs, MGA, Inc. and Michael Caradimitropoulo, filed a complaint against the defendants, Francois Goellner, ACSYS, Inc., and Euronet Computer Services.[1] The plaintiffs' complaint against the defendant Euronet Computer sounds in breach of contract (count one) and negligence (count two).[2]
On October 1, 1997, Euronet Computer filed a motion to strike both counts asserted against it. The plaintiffs filed a memorandum in opposition to the motion.[3]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, ___ A.2d ___ (1997). The role of the trial court is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
The defendant moves to strike count one of the complaint on the ground "that the plaintiffs have failed to allege sufficient facts to support the existence of an enforceable contract."
"As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, [a court should] not conclude that the complaint is insufficient to allow recovery." Normand JosefEnterprises v. Connecticut National Bank, 230 Conn. 486, 496,646 A.2d 1289 (1994). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Faulkner v.United Technologies, Corp., supra, 240 Conn. 580.
"In pleading an action for breach of contract, [the] plaintiff must plead: 1) the existence of a contract or agreement; 2) the defendant's breach of the contract or agreement; and 3) damages resulting from the breach." Gelorminov. J. C. Penney Company, Inc., Superior Court, Judicial District of Litchfield at Litchfield, Docket No. 067840 (May 22, 1997, Dranginis, J.). CT Page 13517
In the present case, the plaintiffs have pleaded the requisite elements for a breach of contract action. Paragraph three of the complaint establishes the existence of an agreement: "[T]he plaintiff, [, MGA, Inc.,] and the . . . defendant . . . entered into a contractual arrangement whereby [the] plaintiff would provide the personal services of defendant Goellner . . . to the defendant. The agreed upon compensation to [the] plaintiff . . . from [the] defendant . . . was twenty-eight dollars per hour ($28.00)." Paragraph four establishes the alleged breach: "[The defendant's] . . . continuing employment of defendant Goellner, as a `[c]onsultant' under the employ of defendant ACSYS, [I]nc., is a . . . material breach of the contract between [the] defendant and [the] plaintiff." And, paragraph five alleges that the plaintiff suffered damages as a result of the breach: "[The] plaintiff has incurred, and continues to incur damages."
The defendant's second ground for the motion to strike count one states: "[A]s a matter of law, a defendant cannot be held liable for breach of contract for merely terminating a contract that the plaintiffs concede in the complaint is terminable by the defendant."
The defendant does not clearly indicate where the plaintiffs allege that the subject contract was terminable at will. A careful reading of the complaint indicates that the plaintiffs are alleging that an agreement between the plaintiffs and the defendant was breached when Euronet paid ACSYS, Inc., instead of the plaintiffs, for the temporary consulting services of Goellner. The court does not reach the legal or factual merits of the plaintiffs' claim. Based on this reading of the complaint, however, the court finds that the plaintiffs have alleged facts sufficient to support a cause of action for breach of contract.
The defendant moves to strike count two of the complaint on the grounds that "(1) . . . the plaintiffs fail to allege any negligent conduct by [the defendant] apart from [the defendant's] alleged breach of contract, and the Connecticut courts do not recognize a tortious or negligent breach of contract claim [separate] from an ordinary breach of contract claim, and (2) even if the court were to recognize a distinct claim for tortious breach of contract, the plaintiffs have failed to allege facts sufficient to state such a cause of action."
Count two of the complaint is labeled "negligence." This CT Page 13518 count realleges the allegations of count one and adds paragraph five. Paragraph five states that the defendant "has negligently breached its contractual obligations to [the] plaintiff." Count two, therefore, is more appropriately labeled a cause of action for tortious breach of contract.
"Breach of contract founded on tortious conduct may allow the award of punitive damages. Such tortious conduct must be alleged in terms of wanton and malicious injury, evil motive and violence, for punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." Lund v. Stern Company, Inc., Superior Court, Judicial District of Hartford-New Britain at New Britain, Docket No. 463413 (Nov. 3, 1994, Stengel, J.). See also L. F. Pace Sons, Inc. v. TravelersIndemnity Co., 9 Conn. App. 30, 48, 514 A.2d 766, cert. denied,201 Conn. 811, 516 A.2d 886 (1986).
In the present case, the plaintiffs fail to allege that the defendant's conduct was wanton, malicious or done with an evil motive. Therefore, count two of the plaintiffs' complaint is legally insufficient.
The defendant's motion to strike count one of the plaintiffs' complaint against the defendant Euronet Computers is denied. The defendant's motion to strike count two of the plaintiffs' complaint against the defendant Euronet Computers is granted.
KARAZIN, J.